## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re Arbitration Proceeding, | ) | |
| CPR File No. G-07-39, | ) | |
| | ) | |
| Diligence, Inc. | ) | |
| 1776 Eye Street, NW | ) | Misc. Civil Action No. _____ |
| Washington, D.C. 20006 | ) | |
| | ) | |
| Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Igor Alexeev, | ) | |
| c/o James C. Bailey, Esq. | ) | |
| 1155 Connecticut Avenue, N.W. | ) | |
| Suite 1100 | ) | |
| Washington, D.C. 20036 | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## DILIGENCE, INC.'S EMERGENCY MOTION
## TO ENFORCE ARBITRATOR'S SUBPOENAS DUCES TECUM
## FOR ARBITRATION HEARING SET FOR NOVEMBER 7, 2007

Defendant Diligence, Inc. ("Diligence") respectfully moves this Court for an order

requiring third party witnesses Investigative Group International, Inc. ("IGI") and Terry F.

Lenzner to: (i) provide the privilege log required under Fed. R. Civ. P. 45(d)(2) no later than 12:00

midnight this evening (November 6, 2007), and (ii) appear at tomorrow's arbitral hearing at 10:00

a.m., as directed in the subpoenas duly issued by Arbitrator Curtis E. von Kann.  The grounds for

this Motion are set forth in the accompanying memorandum of points and authorities.

As required by Local Civil Rule 7.1(m), as soon as counsel for IGI and Mr. Lenzner informed Arbitrator von Kann yesterday by letter that his clients would not comply with the subpoenas Arbitrator von Kann had issued, counsel for Diligence made repeated efforts to arrange a time yesterday to meet and confer with counsel for IGI and Mr. Lenzner.  Despite multiple requests for a meet-and-confer teleconference yesterday or this morning, counsel for IGI and Mr. Lenzner refused to make himself (or anyone else from his firm) available to meet and confer until after 2:00 pm today, even though the arbitration hearing in this matter is scheduled to commence tomorrow morning at 10:00 am.

Respectfully submitted,

AEGIS LAW GROUP LLP

By:

Paul C. Rauser (D.C. Bar No. 461722)
901 F Street, N.W., Suite 500
Washington, D.C. 20004
*T: 202-737-3500/ F: 202-737-3330*

*Attorneys for Claimant Diligence, Inc.*

Dated:  November 6, 2007

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

In re Arbitration Proceeding,    )
CPR File No. G-07-39,    )
    )
    Diligence LLC    )
    1776 Eye Street, NW    )
    Washington, D.C. 20006    )
    )
    Claimant,    )
    )    Misc. Civil Action No. _____
    v.    )
    )
Igor Alexeev,    )
c/o James C. Bailey, Esq.    )
1155 Connecticut Avenue, N.W.    )
Suite 1100    )
Washington, D.C. 20036    )
    )
    Respondent.    )
_____)

## MEMORANDUM IN SUPPORT OF DILIGENCE, INC.'S EMERGENCY MOTION TO ENFORCE ARBITRATOR'S SUBPOENAS DUCES TECUM FOR ARBITRATION HEARING SET FOR NOVEMBER 7, 2007

On October 19, 2007, third-party witnesses Investigative Group International, Inc. ("IGI") and Terry F. Lenzner each was served with a subpoena *duces tecum* issued by Arbitrator Curtis E. von Kann, requiring each to appear at an arbitral hearing set for November 7, 2007 and to bring certain documents to the arbitration. See Exs. 1-2.

IGI and Mr. Lenzner failed to timely serve written objections to the subpoenas by November 2, 2007 as required by Federal Rule of Civil Procedure 45(c)(2)(B). Instead, yesterday, November 5, 2007—just two days before the scheduled arbitration hearing—counsel

for IGI and Mr. Lenzner sent a letter to Arbitrator von Kann stating that IGI and Mr. Lenzner

would not appear at the arbitral hearing as required by the subpoenas, citing attorney-client

privilege and the work product doctrine.  See Ex. 3.  However, despite their assertion of

privilege, IGI and Mr. Lenzner failed to provide a privilege log (as required by Rule 45(d)(2))

along with their letter to Arbitrator von Kann stating their blanket refusal to appear on privilege

grounds.  Despite multiple requests from undersigned counsel, they still have not provided a

privilege log or the most fundamental information supporting a claim of privilege.  See Exs. 5, 6,

9.

Immediately following receipt of counsel's letter, undersigned counsel sought

relief from Arbitrator von Kann, requesting that he order IGI and Mr. Lenzner to produce a

privilege log so that the assertions of privilege could be evaluated for possible challenge.  In

response, Arbitrator von Kann wrote:

> As you are aware, arbitrators lack contempt powers.  Accordingly, when
> persons refuse to obey a subpoena issued by an arbitrator under the Federal
> Arbitration Act, the issuing party must seek enforcement in the appropriate United
> States District Court.
>
> If you are able to obtain an order compelling the witnesses to appear on
> November 7 or 8, their testimony will be taken then, out of turn, if necessary.

Ex. 4.  Notably, because the arbitration clause between the parties requires the arbitration to be

resolved within sixty-days, Arbitrator von Kann has indicated his intention to issue his arbitral

award no later than November 9, 2007.[1]

Repeatedly throughout the day yesterday (November 5th), undersigned counsel

requested a meet-and-confer teleconference with counsel for IGI and Mr. Lenzner, and further

---

[1] Indeed, counsel for the Respondent (Mr. Alexeev) objected in writing yesterday to any extension of the
arbitration proceeding beyond the sixty-day deadline for the purpose of permitting the parties to resolve IGI and Mr.
Lenzner's objections to the subpoenas.

requested that IGI and Mr. Lenzner provide a privilege log as required by the Federal Rules of Civil Procedure and caselaw from this judicial District. See Exs. 5, 9. Despite the urgency of the matter given the imminent commencement of the arbitration hearing (which is scheduled to last two days, from November 7th to 8th), undersigned counsel received no response until 10:00 pm yesterday, whereupon counsel for IGI and Mr. Lenzner indicated that, due to "meetings" today, he was unavailable to meet and confer until after 2:00 pm on November 6th. Counsel for IGI and Mr. Lenzner did not address – or, indeed, even acknowledge – undersigned counsel's request for a Rule 45(d)(2) privilege log.

Undersigned counsel for Diligence promptly replied yesterday evening, explaining the exigency of the matter and asking IGI and Mr. Lenzner's counsel to call undersigned counsel immediately either on his office phone or mobile phone. No such call was received. Instead of simply placing a telephone call, counsel for IGI and Mr. Lenzner instead sent a lengthy email reiterating his unavailability for a meet-and-confer until 2:00 pm today. See Ex. 9. Once again, counsel for IGI and Mr. Lenzner did not address or even acknowledge the request for a Rule 45(d)(2) privilege log. This motion followed.

For the reasons set forth below, Diligence, Inc. ("Diligence") respectfully moves this Court for an order requiring (i) IGI and Mr. Lenzner to provide the privilege log required under Fed. R. Civ. Pro. 45(d)(2) no later than 12:00 midnight this evening (November 6, 2007), and (ii) IGI and Mr. Lenzner to appear at tomorrow's hearing at 10:00 a.m., as directed in the subpoenas.

**ARGUMENT**

**I.    FEDERAL RULE OF CIVIL PROCEDURE 45(d)(2) REQUIRES IGI AND
       MR. LENZNER TO PROVIDE A PRIVILEGE LOG.**

It is well-settled law in this Circuit that a blanket assertion of privilege will not

suffice to avoid the obligations of a lawful subpoena. See generally In re Lindsey, 158 F.3d

1263, 1270-71 (D.C. Cir. 1998). Yet that is precisely what IGI and Mr. Lenzner seek to do here,

refusing to appear at tomorrow's arbitral hearing on the ground that "[a]ny potentially responsive

piece of information" is privileged. Ex. 3 at 1. And rather than substantiate their privilege

claims, IGI and Mr. Lenzner have failed, despite multiple requests, to provide a privilege log as

required by Rule 45(d)(2) to support their claims that "all" responsive documents in their

possession, custody, or control are protected from disclosure "by the attorney-client privilege, the

work-product doctrine, or both," and have utterly failed to explain why "[a]ny conceivable

piece" of information would be privileged. Ex. 3 at 1.

It is basic that a party who refuses to produce documents pursuant to a subpoena

on privilege grounds must provide a privilege log that provides detail "sufficient to enable the

demanding party to contest the claim." Fed. R. Civ. P. 45(d)(20; see, e.g., In re Apollo Group,

Inc. Sec. Litig., 2007 WL 778653, at *1 (D.D.C. Mar. 12, 2007) (ordering a non-party to produce

a privilege log "as required by Federal Rule of Civil Procedure 45(d)(2)"); GFL Advantage Fund,

Ltd. v. Colkitt, 216 F.R.D. 189, 195 (D.D.C. 2003) (noting that Rule 45(d)(2)'s requirement to

describe the nature of the documents, communications or things not produced "is obviously

mandatory," and ordering the non-party to comply with a subpoena *duces tecum*).[2]

---

2    The court in GFL Advantage Fund, Ltd. also noted that "[f]ailure to comply with [Rule 45(d)(2)] 'is deemed to
waive the underlying privilege claim.'" *See* 216 F.R.D. 189 at 195 (citing In re Grand Jury Subpoena, 274 F.3d
563, 576 (1st Cir. 2001).

As this Court repeatedly has held, a privilege log must, at a minimum, "identify each withheld document and state the basis upon which the privilege is claimed, . . . [and] state the subject matter, number of pages, author, date created, and the identity of all persons to whom the original and any copies of the document were shown or provided." <u>Director of OTS v. Ernst & Young</u>, 795 F. Supp. 7, 11-12 (D.D.C. 1992); <u>see also</u> <u>United States v. Western Elec. Co., Inc.</u>, 132 F.R.D. 1, 2 (D.D.C. 1990) (requiring identification of "the authors, dates of preparation, and subject matter of the documents, as well as facts establishing each element of the privilege claim").

IGI and Mr. Lenzner's apparent refusal to supply a privilege log as required by Rule 45(d)(2) – or, indeed, to provide any other support for their blanket assertion of privilege – is inexcusable. Yet just two days before the arbitral hearing, they sent a letter to Arbitrator von Kann informing him that they had no intention of complying with his subpoenas, claiming that all responsive information is protected from disclosure "by the attorney-client privilege, the work-product doctrine, or both." Ex. 3 at 1. This vague, general assertion of privilege manifestly lacks sufficient information to assess the validity of the privilege claim.

Most fundamentally, it is not altogether clear whether Mr. Lenzner—who apparently is a licensed attorney—was providing legal services to IGI's client. Specifically, the November 5th letter from IGI and Mr. Lenzner's counsel states that Mr. Lenzner is an attorney and alleges that "any potentially responsive documents and information would have been generated in the course of Mr. Lenzner's engagement by his client, a non-party to this arbitration, to provide legal advice in connection with anticipated and ongoing litigation." <u>Id.</u> at 1. This sentence seems to suggest that *Mr. Lenzner* was providing legal advice to a client. But IGI—Mr. Lenzner's company—is not a law firm. Rather, as a review of its website makes clear, IGI is a

private investigation firm. See Ex. 6. Thus, IGI and Mr. Lenzner have failed to explain the basic requirement of who was giving the legal advice they now claim shields them from having to respond to Arbitrator von Kann's duly-issued subpoenas.[3]

Because IGI and Mr. Lenzner have not complied with their obligations under Rule 45(d)(2) to provide a privilege log, this Court should order IGI and Mr. Lenzner to do so no later than 12:00 midnight this evening (November 6th).

## II.    BY FAILING TO OBJECT TO THE SUBPOENAS WITHIN 14 DAYS, AS REQUIRED BY RULE 45(c)(2), IGI AND MR. LENZNER WAIVED CLAIMS OF PRIVILEGE.

It is undisputed that the subpoenas to IGI and Mr. Lenzner were duly served on October 19, 2007. See Exs. 1-2. Under Rule 45, therefore, the deadline to serve objections to each subpoena was November 2, 2007—fourteen days after service. See Fed. R. Civ. P. 45(c)(2)(B).

Where, as here, a party fails to object to a subpoena within fourteen days of service, this Court has held that all subpoena objections are deemed waived. See Judicial Watch, Inc. v. U.S. Dept. of Commerce, 196 F.R.D. 1, 2 (D.D.C. 2000) ("the failure to object to a subpoena duces tecum in writing within 14 days of service results in waiver of those objections"); Alexander v. F.B.I., 186 F.R.D. 21, 34 (D.D.C. 1998) ("'failure to serve written objections to a subpoena within the time frame specified by Rule 45(c)(2)(B) typically constitutes a waiver of such objections'") (quoting Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y.1996)).

---

[3] Almost immediately after receiving the November 5 letter from counsel for IGI and Mr. Lenzner, counsel for Diligence requested clarification as to whether IGI and Mr. Lenzner were directly providing legal advice to an IGI client, or whether IGI had been engaged by a law firm to provide investigative services to the law firm's client. See Ex. __. This request for clarification was ignored.

Despite being duly served on October 19, 2007, IGI and Mr. Lenzner failed to timely serve objections to the subpoenas on or before November 2, 2007. Instead, just two calendar days before the start of the November 7th hearing, counsel for IGI and Mr. Lenzner sent Arbitrator von Kann a letter indicating that they were refusing, on privilege grounds, to comply with each subpoena. This Court should not reward this evident and highly prejudicial attempt to "run out the clock" before commencement of the hearing. Because IGI and Mr. Lenzner did not timely object within the fourteen-day time limit prescribed by Rule 45(c)(2)(B), the Court should deem all objections to the subpoenas waived and order IGI and Mr. Lenzner to comply fully with the subpoenas.

## **CONCLUSION**

For the foregoing reasons, Diligence respectfully requests that the Court enter an order requiring (i) IGI and Mr. Lenzner to provide the privilege log required under Fed. R. Civ. Pro. 45(d)(2) no later than 12:00 midnight this evening (November 6th), and (ii) IGI and Mr. Lenzner to appear at tomorrow's hearing at 10:00 a.m., as directed in the subpoenas.

Respectfully submitted,

AEGIS LAW GROUP LLP

By: _Paul Rauser_

Paul C. Rauser (D.C. Bar No. 461722)
Michael K. Ross (D.C. Bar No. 458573)
901 F Street, N.W., Suite 500
Washington, D.C. 20004
*T: 202-737-3500/ F: 202-737-3330*

*Attorneys for Claimant Diligence, Inc.*

Dated: November 6, 2007

# EXHIBIT 1

**In Arbitration**

| | |
|---|---|
| Diligence, Inc. | ) |
| | ) |
| Claimant, | )     CPR File No. G-07-39 |
| | ) |
| v. | )     **SUBPOENA DUCES TECUM** |
| | ) |
| Igor Alexeev, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**TO:**    **INVESTIGATIVE GROUP INTERNATIONAL, INC.**
       Attn: Custodian of Records
       915 15th Street, N.W., Suite 500
       Washington, D.C. 20005

       **YOU ARE COMMANDED** to appear before the undersigned duly-appointed arbitrator on November 7, 2007, at 10:00 a.m., at the JAMS office, 555 13th Street, NW, Washington, D.C., to produce for copying and inspection, and to give testimony authenticating, the following documents:

     1.     All documents (including electronic mail) reflecting any communication between Investigative Group International, Inc. (and any of its employees, agents, or affiliates ) and Igor Alexeev;

     2.     All documents (including electronic mail) referencing any communication between Investigative Group International, Inc. (and any of its employees, agents, or affiliates) and Igor Alexeev;

     3.     All documents (including electronic mail) that mention, or relate to, Igor Alexeev.

       If you have any questions about your obligations under this subpoena, you may contact the representative of the party requesting this subpoena at the contact information below.

       DATED this 17th day of October, 2007.

                             *Curtis E. von Kann*
                                 Curtis E. Von Kann
                                   Arbitrator

**Representative of Party Requesting Subpoena:**

Paul C. Rauser (Bar No. 46172)
Michael K. Ross (Bar No. 458573)
AEGIS LAW GROUP LLP
901 F Street, N.W., Suite 500
Washington, D.C. 20004
Tel: (202) 737-3500/Fax: (202) 737-3330

**PROOF OF SERVICE**

| **SERVED:** | **SERVED BY:** |
|---|---|
| Date:  October ___, 2007 | Print Name: _____ |
| Time: _____ | Title: _____ |
| Place: _____ | |

**DECLARATION OF SERVICE**

I declare under penalty of perjury under the laws of the District of Columbia that I am at least 18 years of age and not a party to the above-entitled cause and that the foregoing information contained in the Proof of Service above is true and correct.

Executed on: _____        Signature of Server: _____
             Date                      Address of Server: _____
                                                          _____

**RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, Sections C, D, and E**

**(c) Protection of Persons Subject to Subpoenas.**

(1)        A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)        (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)        (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1)    (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)    (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**

Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN ARBITRATION

Diligence, Inc.

vs.

Igor Alexeev

No. G-07-39

**AFFIDAVIT OF SERVICE**

to wit: Washington, DC

    I, DANIEL F. PORTNOY, having been duly authorized to make service of the Subpoena Duces Tecum in the above entitled case, hereby depose and say:

    That my date of birth is 11-26-1971.

    That my place of business is 1827 18th Street, N.W., Washington, D.C. 20009-5526 (202) 667-0050.

    That service was made by a private process server.

    That I am not a party to or otherwise interested in this suit.

    That at 8:11 am on October 19, 2007, I served Custodian of Records of Investigative Group International, Inc. at 3501 Macomb Street, NW, Washington, DC 20016 by serving Terry L. Lenzner, Officer, authorized to accept.  Described herein:

```
   SEX-    MALE
   AGE-    68
HEIGHT-    5'10"
  HAIR-    BLACK
WEIGHT-    175
  RACE-    WHITE
```

    I do solemnly declare and affirm under the penalty of perjury that the matters and facts set forth herein are true to the best of my knowledge, information and belief.

DANIEL F. PORTNOY
Our File#- 196020

SUBSCRIBED and SWORN to before me this *19th* day of *October*, 2007.

*Angela H. Croson*
Notary Public

My commission expires: *03-31-09*

# EXHIBIT 2

**In Arbitration**

|  |  |  |  |
|---|---|---|---|
| Diligence, Inc. | ) | | |
| | Claimant, | ) | CPR File No. G-07-39 |
| v. | | ) | **SUBPOENA DUCES TECUM** |
| Igor Alexeev, | | ) | |
| | Respondent. | ) | |

**TO:    TERRY L. LENZNER**
Investigative Group International, Inc.
915 15th Street, N.W., Suite 500
Washington, D.C. 20005

    **YOU ARE COMMANDED** to appear before the undersigned duly-appointed arbitrator on November 7, 2007, at 10:00 a.m., at the JAMS office, 555 13th Street, NW, Washington, D.C., to produce for copying and inspection, and to give testimony authenticating, the following documents:

        1.    All documents (including electronic mail) reflecting any communication between Investigative Group International, Inc. (and any of its employees, agents, or affiliates ) and Igor Alexeev;

        2.    All documents (including electronic mail) referencing any communication between Investigative Group International, Inc. (and any of its employees, agents, or affiliates) and Igor Alexeev;

        3.    All documents (including electronic mail) that mention, or relate to, Igor Alexeev.

    If you have any questions about your obligations under this subpoena, you may contact the representative of the party requesting this subpoena at the contact information below.

    DATED this 17th day of October, 2007.

                               Curtis E. Von Kann
                               Arbitrator

**Representative of Party Requesting Subpoena:**

Paul C. Rauser (Bar No. 46172)
Michael K. Ross (Bar No. 458573)
AEGIS LAW GROUP LLP
901 F Street, N.W., Suite 500
Washington, D.C. 20004
Tel:  (202) 737-3500/Fax: (202) 737-3330

## PROOF OF SERVICE

**SERVED:**                                    **SERVED BY:**

Date: October ___, 2007              Print Name: _____
Time: _____                 Title: _____
Place: _____

## DECLARATION OF SERVICE

      I declare under penalty of perjury under the laws of the District of Columbia that I am at least 18 years of age and not a party to the above-entitled cause and that the foregoing information contained in the Proof of Service above is true and correct.

Executed on: _____          Signature of Server: _____
             Date                        Address of Server: _____
                                  _____

**RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, Sections C, D, and E**

**(c) Protection of Persons Subject to Subpoenas.**

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)     (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

     (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)     (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i) fails to allow reasonable time for compliance;

        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

        (iv) subjects a person to undue burden.

(B) If a subpoena

    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1)    (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)    (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**

Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN ARBITRATION

Diligence, Inc.

vs.

Igor Alexeev

No. G-07-39

**AFFIDAVIT OF SERVICE**

to wit: Washington, DC


I, DANIEL F. PORTNOY, having been duly authorized to make service of the Subpoena Duces Tecum in the above entitled case, hereby depose and say:

That my date of birth is 11-26-1971.

That my place of business is 1827 18th Street, N.W., Washington, D.C. 20009-5526 (202) 667-0050.

That service was made by a private process server.

That I am not a party to or otherwise interested in this suit.

That at 8:11 am on October 19, 2007, I served Terry L. Lenzner at 3501 Macomb Street, NW, Washington, DC 20016 by serving Terry L. Lenzner, personally.  Described herein:

```
   SEX-   MALE
   AGE-   68
HEIGHT-   5'10"
  HAIR-   BLACK
WEIGHT-   175
  RACE-   WHITE
```

I do solemnly declare and affirm under the penalty of perjury that the matters and facts set forth herein are true to the best of my knowledge, information and belief.

DANIEL F. PORTNOY
Our File#- 195974

SUBSCRIBED and SWORN to before me this 23rd day of October, 2007.

Angela H. Croson
Notary Public

My commission expires: 03-31-09

# EXHIBIT 3

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

(202) 326-7900
FACSIMILE:
(202) 326-7999

November 5, 2007

*Via facsimile*

The Honorable Curtis E. von Kann
JAMS
555 13th Street, NW
Suite 400 West
Washington, D.C. 20005

Re:    Diligence, Inc. v. Igor Alexeev, CPR File No. G-07-39

Dear Judge von Kann:

This firm represents Terry F. Lenzner, Esq. and Investigative Group International, Inc. ("IGI") in connection with two subpoenas *duces tecum* issued in this artitration. These subpoenas direct Mr. Lenzner to appear before you and produce for inspection and copying certain documents on November 7, 2007. (*See* Attachment A).

I write to make clear that these subpoenas seek *only* the production of privileged materials. Indeed, any potentially responsive documents and information would have been generated in the course of Mr. Lenzner's engagement by his client, a non-party to this arbitration, to provide legal advice in connection with anticipated and ongoing litigation. Any potentially responsive piece of information is squarely protected by the attorney-client privilege, the work-product doctrine, or both.

In sum, Mr. Lenzner, who is an attorney, and IGI do not possess any responsive, non-privileged documents or information. Notably, the parties to this arbitration are not prejudiced by the existence of these privileges. The subpoenas call for information regarding communications with (or about) the defendant in this proceeding, Igor Alexeev. That boundless request for all documents that even mention or relate to Mr. Alexeev far exceeds the contours of this arbitration. In any event, the parties have ample opportunity to obtain such information directly from Mr. Alexeev, or to conduct appropriate discovery with other persons who have communicated with Mr. Alexeev in a non-privileged setting.

As the Federal Arbitration Act requires the party seeking to compel a non-party's attendance to petition the district court, *see* 9 U.S.C. § 7, I write to respectfully advise you of our position. Accordingly, we do not believe that any appearance would be appropriate prior to a determination by the United States District Court for the District of Columbia.

The Honorable Curtis E. von Kann
November 5, 2007
Page 2

Please do not hesitate to contact me if I can be of further assistance.

Sincerely,

Wan J. Kim
Counsel for Terry F. Lenzner and Investigative
Group International, Inc.

Attachment

cc:     Michael K. Ross, Counsel for Diligence, Inc. (via facsimile without attachment)
        Kathleen A. Behan, Counsel for Igor Alexeev (via facsimile without attachment)

# EXHIBIT 4

# Fwd: Request for Expedited Relief -- Letter from counsel from third-party witnesses IGI and Terry Lenzner (Diligence v. Alexeev, CPR file No. G-07-39)

1 message

| | |
|---|---|
| Fwd: Request for Expedited Relief -- Letter from counsel from third-party witnesses IGI and Terry Lenzner (Diligence v. Alexeev, CPR file No. G-07-39) | Mon 05 Nov 2007 05:27:17 PM EST |

From: jjacobs@aegislawgroup.com

```
From: "von Kann Curtis" <cvonkann@jamsadr.com>
To: "Paul C. Rauser" <prauser@aegislawgroup.com>
Cc: wkim@khhte.com, jcb@becounsel.com, "Jason Ehrenberg" <jhe@becounsel.com>, "Kathleen A.
Behan" <kab@becounsel.com>, "Michael K. Ross" <mross@aegislawgroup.com>
Sent: Monday, November 5, 2007 3:09:31 PM (GMT-0500) America/New_York
Subject: Re: Request for Expedited Relief  -- Letter from counsel from third-party witnesses
IGI and Terry Lenzner (Diligence v. Alexeev, CPR file No. G-07-39)

Dear Mr. Rauser:

Nothing was attached to your e-mail, at least as received by me, so I am
unable to
comment on Mr. Kim's supposed grounds for refusal to comply with the
subpoena.
However, the ground you have cited, namely, attorney-client privilege, is
one that
must be decided by the District Court, as is the effect of the witnesses'
failure to
provide a privilege log.

As you are aware, arbitrators lack contempt powers.  Accordingly, when
persons
refuse to obey a subpoena issued by an arbitrator under the Federal
Arbitration Act,
the issuing party must seek enforcement in the appropriate United States
District Court.
If you are able to obtain an order compelling the witnesses to appear on
November 7 or
8, their testimony will be taken then, out of turn, if necessary.  If you
are unable to secure a
ruling by the Court within that time, the subpoenas shall continue in force
from day to
day until the Court has ruled on your application for enforcement.

    Arbitrator Curtis E. von Kann


----- Original Message -----
From: "Paul C. Rauser" <prauser@aegislawgroup.com>
To: "von Kann Curtis" <cvonkann@jamsadr.com>
Cc: <wkim@khhte.com>; <jcb@becounsel.com>; "Jason Ehrenberg"
<jhe@becounsel.com>; "Kathleen A. Behan" <kab@becounsel.com>; "Michael K.
Ross" <mross@aegislawgroup.com>
```

Sent: Monday, November 05, 2007 12:44 PM
Subject: Request for Expedited Relief -- Letter from counsel from
third-party witnesses IGI and Terry Lenzner (Diligence v. Alexeev, CPR file
No. G-07-39)


Dear Judge von Kann,

We have just received the attached letter from Wan J. Kim of the Kellogg,
Huber firm, which has been retained to represent third-party witnesses IGI
and Terry Lenzner in this matter.  That letter indicates, inter alia, that
IGI and Mr. Lenzner refuse to appear before the Tribunal to provide
documents and testimony absent an order under the Federal Arbitration Act
issued by the U.S. District Court for the District of Columbia.


The witnesses' claimed basis for refusing to comply with these subpoenas is
one of privilege -- specifically, a claim that "these subpoenas seek only
the production of privileged materials.  Indeed, any potentially responsive
materials would have been generated in the course of Mr. Lenzner's
engagement by his client, a non-party to this arbitration, to provide legal
advice in connection with anticipated and ongoing litigation."  Nov. 5, 2007
Letter at 1.


Claimant Diligence believes that IGI and Mr. Lenzner have waived these
claims of privilege, which were asserted at the eleventh hour and after the
fourteen-day period provided in the subpoenas for service of written
objections.  Diligence accordingly seeks an Order from the Tribunal
declaring the objections to be untimely.


However, to the extent that IGI and Mr. Lenzner are allowed to maintain
their objections, Diligence intends to challenge this assertion of
privilege.  Accordingly, Diligence requests that the Tribunal order IGI and
Mr. Lenzner to provide, no later that 5:00 PM today, the privilege log
required of them under Rule 45(d)(2) of the Federal Rules of Civil
Procedure.  That rule requires a subpoenaed party asserting a claim of
privilege to supply privilege log containing information â sufficient to
enable the demanding party to contest the claim.â  Fed.R.Civ.P. 45(d)(2).
Such a log must comport with the relevant caselaw in the U.S. District Court
for the District of Columbia, which requires, at a minimum, identification
of â the authors, dates of preparation, and subject matter of the documents,
as well as facts establishing each element of the privilege claim.â  United
States v. Western Elec. Co., Inc., 132 F.R.D. 1, 3 (D.D.C.1990).  See also
Director of OTS v. Ernst & Young, 795 F.Supp. 7, 11-12 (D.D.C. 1992)
(requiring defendant to identify each withheld document and state the basis
upon which the privilege is claimed, ... state the subject matter, number of
pages, author, date created, and the identity of all persons to whom the
original or any copies of the document were shown or provided).  To date,
IGI ans Mr. Lenzner have provided no such log.


As the Tribunal is aware, the arbitral hearing in this matter is set for
Wednesday, November 7, 2007.  Because of timing exigencies (and the
third-party witnesses' apparent effort to "run out the clock" by providing
untimely objections) claimant Diligence respectfully requests expedited
consideration of this matter so that it may seek any necessary relief from
the U.S. District Court.


Respectfully submitted,
Paul Rauser
Counsel for Claimant Diligence, Inc.


Paul C. Rauser
Ã¦gis law group LLP
901 F Street, N.W.

Suite 500
Washington, D.C. 20004
T: 202 737 3375
F: 202 737 3330
E: prauser@aegislawgroup.com

NOTICE: This communication from Aegis Law Group LLP may contain information
that is legally privileged, confidential, or exempt from disclosure. If you
are not the intended recipient, please note that any disclosure, copying,
distribution, or use of the contents of this information is strictly
prohibited. If you have received this electronic transmission in error,
please notify the sender immediately by telephone or by return e-mail and
delete all copies.

# EXHIBIT 5

# ægis law group LLP

Paul C. Rauser
202 737 3375
prauser@aegislawgroup.com

November 5, 2007

**By Electronic Mail**

Wan J. Kim, Esquire
Kellogg, Huber, Hansen, Todd
  Evans & Figel, P.L.L.C.
1615 M Street, N.W.
Suite 400
Washington, D.C. 20036

Re:    Diligence v. Alexeev—CPR File No. G-07-39

Dear Mr. Kim:

We write with respect to your letter of today's date to Judge von Kann, the duly-appointed arbitrator in the above-referenced matter, concerning the third-party subpoenas *duces tecum* issued by Judge von Kann to your clients Investigative Group International, Inc. (IGI) and Mr. Terry F. Lenzner.

In light of your clients' stated intention not to appear as required on November 7, 2007 pursuant to the arbitrator's lawfully-issued subpoenas, its is our intention to seek expedited relief tomorrow morning from the U.S. District Court for the District of Columbia. Given your claim that any documents responsive to the subpoenas are privileged, we must ask that you provide, no later that 8:00 PM today, the privilege log required under Rule 45(d)(2) of the Federal Rules of Civil Procedure. As you know, that rule requires a subpoenaed party asserting a claim of privilege to supply privilege log containing information "sufficient to enable the demanding party to contest the claim." Fed. R. Civ. P. 45(d)(2). Relevant caselaw in the U.S. District Court for the District of Columbia requires, at a minimum, that your log "identify each withheld document and state the basis upon which the privilege is claimed, . . . [and] state the subject matter, number of pages, author, date created, and the identity of all persons to whom the original or any copies of the document were shown or provided." Director of OTS v. Ernst & Young, 795 F.Supp. 7, 11-12 (D.D.C. 1992). See also United States v. Western Elec. Co., Inc., 132 F.R.D. 1, 3 (D.D.C.1990) (requiring identification of "the authors, dates of preparation, and subject matter of the documents, as well as facts establishing each element of the privilege claim"). We expect that you will comply with these requirements and supply a privilege log forthwith so that we may litigate your privilege objections tomorrow, if necessary.

901 F Street, N.W.
Suite 500
Washington, DC 20004
T  202 737 3500
F  202 737 3330
www.aegislawgroup.com

**ægis law group** LLP

Finally, please let me know at your earliest convenience when you will be available to meet-and-confer on this matter as required by the Local Rules.

Sincerely,

Paul C. Rauser

Enclosures

# EXHIBIT 6

# æ̃gis law group LLP

Michael K. Ross
202 737 3373
mross@aegislawgroup.com

November 5, 2007

**By Electronic Mail**

Wan J. Kim, Esquire
Kellogg, Huber, Hansen, Todd
  Evans & Figel, P.L.L.C.
1615 M Street, N.W.
Suite 400
Washington, D.C. 20036

      Re:     **Diligence v. Alexeev—CPR File No. G-07-39**

Dear Mr. Kim:

      We are in receipt of your letter of today to Judge von Kann, the duly-appointed arbitrator in the above-referenced matter.

      I write to seek clarification of a potential ambiguity in your letter to Judge von Kann. Your letter asserts that any responsive information in IGI or Mr. Lenzner's possession "would have been generated in the course of Mr. Lenzner's engagement by his client, a non-party to this arbitration, to provide legal advise in connection with anticipated and ongoing litigation."

      We are confused by your apparent suggestion that IGI was providing legal advice to a "non-party to this arbitration." Based on our review of IGI's site this afternoon, it does not appear that either IGI or Mr. Lenzner, who is Chairman of the company, hold themselves out as providing legal advice. To the contrary, they hold themselves out as providing a range of investigative services. I have enclosed copies of the relevant pages from IGI's website confirming this.

      On the other hand, it may be that your letter, properly construed, suggests that counsel to a "non-party to this arbitration" in turn hired IGI to assist with counsel's provision of

901 F Street, N.W.
Suite 500
Washington, DC 20004
T 202 737 3500
F 202 737 3330
www.aegislawgroup.com

Wan J. Kim, Esquire
November 5, 2007
Page 2


legal services. To eliminate any confusion on this important issue, please advise immediately whether it is your position that IGI and Mr. Lenzner were directly providing legal advice to an IGI client, or whether IGI was hired by a law firm to provide investigative services to the law firm's client.

Sincerely,

Michael K. Ross

Enclosures



# COMPANY INFORMATION

## TOTAL SOLUTIONS - TOTAL SECURITY

For more than 20 years, IGI has specialized in gathering accurate intelligence with the utmost discretion in complex corporate, financial and legal matters.

Our team of specialists conducts confidential investigations around the world for corporations, law firms, financial institutions, public agencies, and private individuals.

Team IGI includes former investigative journalists, intelligence analysts, and law enforcement officers, as well as corporate security specialists, forensic accountants, attorneys, and specially trained database experts.

Our offices are ideally positioned to allow IGI to service investigative needs throughout the world.

## LINKS TO OUR SERVICES



**DUE DILIGENCE**

**INFORMATION/NETWORK SECURITY**

**INTELLECTUAL PROPERTY & TECHNOLOGY PRACTICES**

**INTERNAL CORPORATE INVESTIGATIONS**

**ASSET SEARCHES**

**LITIGATION SUPPORT**

**ENVIRONMENTAL INVESTIGATIONS**

**CORPORATE RISK & SECURITY CONSULTING**



MERGERS, ACQUISITIONS, PROXY CONTESTS

INTERNATIONAL INVESTIGATIONS & CONSULTING

MONEY LAUNDERING

PHYSICAL CORPORATE SECURITY SERVICES

FINANCIAL INTEGRITY & COMPLIANCE SERVICES

NETWORK SECURITY


**IGI TEAM**


OUR TEAM


OUR SERVICES


CASE STUDIES


COMPANY INFO


CONTACT US


INDEX

# IGI INVESTIGATIVE GROUP INTERNATIONAL

## WASHINGTON, D.C.

© 2004, Investigative Group International, Inc.



## OUR SERVICES

## LITIGATION SUPPORT

IGI has the ability to provide a full range of assistance in developing thorough pretrial and trial evidence, such as:

· Interview potential witnesses

· Document review

· Profile individuals and companies

· Identify and locate witnesses

· Analyze financial records

· Identify additional records for discovery requests

Litigators rely on IGI to gain an early advantage in fact-gathering and to confirm and strengthen the factual basis of a case before a complaint alerts the adversary. In addition, litigating attorneys turn to IGI during cross-examinations of adversary witnesses when accurate information is needed in a matter of hours.

IGI also provides critical services in arbitration proceedings which afford little opportunity for formal discovery. IGI assists lawyers in developing factual information on the adversary and the claim in arbitration, on which the client may base its negotiating position. IGI has also been asked to determine whether undisclosed or improper relationships exist between the arbitrator(s) and one side in the proceeding.

CASE STUDIES FOR LITIGATION SUPPORT

LINKS TO OUR SERVICES

 DUE DILIGENCE

 INFORMATION/NETWORK SECURITY

 INTELLECTUAL PROPERTY & TECHNOLOGY PRACTICES

INTERNAL CORPORATE INVESTIGATIONS

ASSET SEARCHES

LITIGATION SUPPORT

ENVIRONMENTAL INVESTIGATIONS

CORPORATE RISK & SECURITY CONSULTING

MERGERS, ACQUISITIONS, PROXY CONTESTS

INTERNATIONAL INVESTIGATIONS & CONSULTING

MONEY LAUNDERING

PHYSICAL CORPORATE SECURITY SERVICES

SECURITY/RISK-URBAN & REGIONAL PLANNING

SECURITY/RISK-BUSINESS CONTINUITY PLANNING

For more information on our services please click here.



**IGI TEAM**

   

OUR TEAM  OUR SERVICES  CASE STUDIES  COMPANY INFO  CONTACT US



**INDEX**

## IGI INVESTIGATIVE GROUP INTERNATIONAL

### WASHINGTON, D.C.

© 2004, Investigative Group International, Inc.

# EXHIBIT 7

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

(202) 326-7900
FACSIMILE:
(202) 326-7999

November 5, 2007

*Via Electronic Mail*

Mr. Paul C. Rauser
ægis law group LLP
901 F St., NW
Suite 500
Washington, D.C. 20004

Re:    <u>Diligence, Inc. v. Igor Alexeev, CPR File No. G-07-39</u>

Dear Mr. Rauser:

I have received your letter dated November 5, 2007, concerning the summonses that you served on Mr. Terry F. Lenzner, Esq. and Investigative Group International, Inc. ("IGI"), in the arbitration referenced above. As you know, arbitration is designed to reduce the costs of litigation and binds only the parties to the agreement that gives rise to the arbitration. As such, the Federal Arbitration Act imposes extremely limited duties upon non-parties to an arbitration agreement.

Neither Mr. Lenzner nor IGI are parties to your arbitration. Your summonses to them are unnecessary and burdensome. Critically, any potentially responsive piece of information that Mr. Lenzner or IGI might possess is protected by the attorney-client privilege, the work-product doctrine, or both.

You have indicated your intent to seek enforcement of those summonses in the United States District Court for the District of Columbia. I am happy to discuss this matter with you. <u>First</u>, I am interested in understanding the basis for your far-reaching demand for virtually all information that even mentions Mr. Alexeev, when the arbitration involves, as I understand it, a far more limited and highly specific matter. <u>Second</u>, I would appreciate learning the efforts you have made to obtain the requested information directly from Mr. Alexeev, a party to your arbitration, or from other witnesses with non-privileged information. <u>Finally</u>, I would like to discuss the basis for the time-table in this arbitration where, as I understand it, you engaged in virtually no discovery, and rather sought simply to summon a number of non-party witnesses to the arbitration itself.

Mr. Paul C. Rauser
November 5, 2007
Page 2

     I am optimistic that, after our discussion, you will deem seeking further actions against my clients unreasonable and untenable.   I have meetings through the morning tomorrow, but will be available anytime after 2:00 PM.

Sincerely,

Wan J. Kim
Counsel for Terry F. Lenzner and Investigative
Group International, Inc.

# EXHIBIT 8

prauser@aegislawgroup.com

RE: Summonses                                                                 Mon 05 Nov 2007 11:24:11 PM EST

From: wkim@khhte.com

   To: prauser@aegislawgroup.com; bhester@khhte.com

   Cc: mross@aegislawgroup.com


Thank you for your emails and correspondence. It is late in the day indeed, and we have been trying to be as responsive as possible -- well beyond the parameters of the applicable rules. I agree that we would all benefit from a conference call for questions that we both have exchanged today. As indicated, in light of my appointments, I'd be happy to schedule a call at 2 PM or thereafter.

If you elect to move for relief tomorrow morning in USDC before we have that chance to confer, I trust that you will inform the court that the arbitrator's ruling today -- at your request -- makes clear that no exigency exists. To the contrary, the Arbitrator ruled that "the subpoenas shall continue in force from day to day until the Court has ruled on your [Plaintiff's] application for enforcement." Moreover, there seems good reason to believe that your need to impose burdensome requirements on non-parties may be moot after you have had a chance to obtain such information (for the first time?) from your party-opponent. That certainly should be a pre-requisite to taxing litigation in Federal District Court. Even beyond the fairness and propriety of imposing such demands on non-parties to an arbitration, I suspect that once you understand the basis of our privilege arguments, you will agree that further litigation will be unproductive for your client.

I look forward to speaking with you tomorrow.


Sincerely,
Wan Kim


-----Original Message-----
From: Paul C. Rauser [mailto:prauser@aegislawgroup.com]
Sent: Mon 11/5/2007 8:49 PM
To: Hester, Barrett C. (Bret)
Cc: Kim, Wan J.; Michael Ross
Subject: Re: Summonses


Dear Messrs. Hester and Kim,

Unfortunately, the timing of the arbitration and the tardiness of your objections to the subpoenas (served less than two days before the scheduled hearing) make it impossible to accede to your request to meet-and-confer after 2:00 pm tomorrow. I am, however, available to speak with you now and ask that you call as soon as possible on (202) 737-3375 (office) or (202) 641-2678 (mobile). In the alternative, please call me at any time before 8:30 am tomorrow. We expect to move to compel no later than 9:30 am tomorrow given that the hearin is set for 10:00 am on Wednesday.

I also note that your letter once again mentions that the documentary materials in your clients' possession are privileged, but once again includes no privilege log and, indeed, is silent on my request this afternoon that you provide such a log. Please prepare such a log immediately so that we may litigate the privilege issue tomorrow if need be.

Best regards,
Paul Rauser


Paul C. Rauser
ægis law group LLP
901 F Street, N.W.
Suite 500
Washington, D.C. 20004
T: 202 737 3375
F: 202 737 3330
E: prauser@aegislawgroup.com

NOTICE: This communication from Aegis Law Group LLP may contain information that is legally privileged, confidential, or exempt from disclosure. If you are not the intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this information is strictly prohibited. If you have received this electronic transmission in error, please notify the sender immediately by telephone or by return e-mail and delete all copies.

----- Original Message -----
From: "Barrett C. Hester (Bret)" <bhester@khhte.com>
To: prauser@aegislawgroup.com
Cc: "Wan J. Kim" <wkim@khhte.com>
Sent: Monday, November 5, 2007 9:51:26 PM (GMT-0500) America/New_York
Subject: Summonses

Summonses


Please see the attached letter from Wan Kim.

<<Rauser_11_5_07.PDF>>

Thanks,

Bret Hester


Barrett (Bret) C. Hester
Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
1615 M Street, N.W. Suite 400
Washington, DC 20036
Phone: 202-326-7993
Fax: 202-326-7999
--------------------------------------------------------------------------------

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

# EXHIBIT 9

## Fwd: Summonses
1 message

---

Fwd: Summonses                                                                    Tue 06 Nov 2007 08:15:40 AM EST
From: jjacobs@aegislawgroup.com

----- Forwarded Message -----
From: "Michael K. Ross" <mross@aegislawgroup.com>
To: "Wan J. Kim" <wkim@kbbte.com>
Cc: "Paul C. Rauser" <prauser@aegislawgroup.com>, "Barrett C. Hester (Bret)" <bhester@kbbte.com>
Sent: Tuesday, November 6, 2007 5:56:36 AM (GMT-0500) America/New_York
Subject: Re: Summonses

Mr. Kim:

We are disappointed that, rather than give my partner Paul Rauser a call yesterday evening on his cell phone as he kindly asked you to do, you instead took the time to write the lengthy email below.

In short, we tried repeatedly to meet and confer with you yesterday, but you simply did not make yourself available (or anyone else from your firm). Instead, you have repeatedly stated that you have no availability to talk with us until after 2:00 pm today, even though the arbitration hearing for which your clients have been duly-subpoenaed (by the Arbitrator, I might add) begins tomorrow, November 7. And, contrary to your suggestion below that no exigency exists, the Arbitrator has previously indicated that, as matters currently stand, he intends to issue his findings and award no later than Friday, November 9.

The correspondence establishes that we have more than satisfied our obligation under Local Civil Rule 7.1(m) to attempt to meet and confer with you regarding this matter. We will be filing our motion this morning. Should you wish to meet and confer this morning before 9:00, please give Mr. Rauser or me a call.

Best regards,

Michael K. Ross
aegis law group LLP
901 F Street, N.W.
Suite 500
Washington, D.C. 20004
T: 202 737 3373
F: 202 737 3330
E: mross@aegislawgroup.com

NOTICE: This communication from Aegis Law Group LLP may contain information that is legally privileged, confidential, or exempt from disclosure. If you are not the intended recipient, please note that any disclosure, copying, distribution, or use of the content

----- Original Message -----
From: "Wan J. Kim" <wkim@kbbte.com>
To: "Paul C. Rauser" <prauser@aegislawgroup.com>, "Barrett C. Hester (Bret)" <bhester@kbbte.com>
Cc: "Michael Ross" <mross@aegislawgroup.com>
Sent: Monday, November 5, 2007 11:24:11 PM (GMT-0500) America/New_York
Subject: RE: Summonses

Thank you for your emails and correspondence. It is late in the day indeed, and we have been trying to be as responsive as possible -- well beyond the parameters of the applicable rules. I agree that we would all benefit from a conference call for questions that we both have exchanged today. As indicated, in light of my appointments, I'd be happy to schedule a call at 2 PM or thereafter.

If you elect to move for relief tomorrow morning in USDC before we have that chance to confer, I trust that you will inform the court that the arbitrator's ruling today -- at your request -- makes clear that no exigency exists. To the contrary, the Arbitrator ruled that "the subpoenas shall continue in force from day to day until the Court has ruled on your [Plaintiff's] application for enforcement." Moreover, there seems good reason to believe that your need to impose burdensome requirements on non-parties may be moot after you have had a chance to obtain such information (for the first time?) from your party-opponent. That certainly should be a pre-requisite to taxing litigation in Federal District Court. Even beyond the fairness and propriety of imposing such demands on non-parties to an arbitration, I suspect that once you understand the basis of our privilege arguments, you will agree that further litigation will be unproductive for your client.

I look forward to speaking with you tomorrow.

Sincerely,
Wan Kim

-----Original Message-----
From: Paul C. Rauser [mailto:prauser@aegislawgroup.com]
Sent: Mon 11/5/2007 8:49 PM
To: Hester, Barrett C. (Bret)
Cc: Kim, Wan J.; Michael Ross
Subject: Re: Summonses

Dear Messrs. Hester and Kim,

Unfortunately, the timing of the arbitration and the tardiness of your objections to the subpoenas (served less than two days before the scheduled hearing) make it impossible to accede to your request to meet-and-confer after 2:00 pm tomorrow. I am, however, available to speak with you now and ask that you call as soon as possible on (202) 737-3375 (office) or (202) 641-2678 (mobile). In the alternative, please call me at any time before 8:30 am tomorrow. We expect to move to compel no later than 9:30 am tomorrow given that the hearin is set for 10:00 am on Wednesday.

I also note that your letter once again mentions that the documentary materials in your clients' possession are privileged, but once again includes no privilege log and, indeed, is silent on my request this afternoon that you provide such a log. Please prepare such a log immediately so that we may litigate the privilege issue tomorrow if need be.

Best regards,
Paul Rauser

Paul C. Rauser
aegis law group LLP
901 F Street, N.W.
Suite 500
Washington, D.C. 20004
T: 202 737 3375
F: 202 737 3330

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of November, 2007, I caused a copy of the foregoing attached motion, proposed order, and memorandum in support thereof to be served by hand and by electronic mail upon respondent's counsel of record, counsel of record for third-party witnesses Investigative Group International, Inc. and Terry F. Lenzner, and Arbitrator Curtis E. von Kann at the following addresses:

James C. Bailey
Bailey & Ehrenberg PLLC
1155 Connecticut Avenue
Suite 1100
Washington, D.C. 20016

Wan J. Kim
Kellogg, Huber, Todd, Evans & Figel, P.L.L.C.
1615 M Street, N.W.
Suite 400
Washington, D.C. 20036

Arbitrator Curtis E. von Kann
JAMS
555 13th Street, N.W.
Washington, D.C. 20005

Paul C. Rauser

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re Arbitration Proceeding, | ) | |
| CPR File No. G-07-39, | ) | |
| | ) | |
|     Diligence, Inc. | ) | |
|     1776 Eye Street, NW | ) | Misc. Civil Action No. _____ |
|     Washington, D.C. 20006 | ) | |
| | ) | |
|         Claimant, | ) | |
| | ) | |
|       v. | ) | |
| | ) | |
| Igor Alexeev, | ) | |
| c/o James C. Bailey, Esq. | ) | |
| 1155 Connecticut Avenue, N.W. | ) | |
| Suite 1100 | ) | |
| Washington, D.C. 20036 | ) | |
| | ) | |
|         Respondent. | ) | |
| | ) | |

**ORDER**

      Upon consideration of Diligence, Inc.'s Emergency Motion to Enforce Arbitrator's

Subpoena Duces Tecum For Arbitration Hearing Set For November 7, 2007, the Memorandum in

Support Thereof, and all other papers and proceedings submitted in this matter, and for good cause

shown:

      IT IS HEREBY ORDERED that Investigative Group International, Inc. ("IGI") and

Terry F. Lenzner each produce by 12:00 am midnight tonight (November 6, 2007) a privilege log

that specifies the (a) subject matter (b) author, (c) date(s) of preparation, (d) number of pages, and

(e) recipients of each document for which they are claiming privilege, as well as facts establishing

each element of the privilege claim.

        IT IS HEREBY FURTHER ORDERED that Terry F. Lenzner and the custodian of records for IGI shall appear before Arbitrator Curtis E. von Kann on November 7, 2007 at 10:00 a.m. as directed in the subpoenas issued to them by Arbitrator von Kann.

        SO ORDERED.


Dated: _____     By: _____

                                     United States District Judge