## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In re Arbitration Proceeding,    )
CPR File No. G-07-39        )     **Misc. Civil Action No. 07-mc-00454**
                      )
Diligence, Inc.,          )
      Claimant       )
                      )
   v.                )
                      )
Igor Alexeev,           )
      Respondent    )
                      )

## OPPOSITION OF NON-PARTIES TO DILIGENCE, INC'S
## MOTION TO ENFORCE ARBITRATION SUMMONSES

The matter underlying these summonses to non-parties involves an arbitration between Diligence, Inc. and Igor Alexeev. Upon information and belief, the subject of this arbitration is an alleged breach of an employment agreement. This arbitration, as understood by the non-parties, involves a very specific act of alleged misconduct by Igor Alexeev, who was a former employee of Diligence, Inc.

Arbitrations, of course, are created by contract – the agreement between the parties that gives rise to the arbitration. Accordingly, the Federal Arbitration Act imposes extremely limited duties upon non-parties to an arbitration. On October 19, 2007, Terry L. Lenzner, Esq. and Investigated Group International ("IGI") – who are not parties to the arbitration (collectively, "non-parties") – were served with summonses in this arbitration.[1]

---

[1] This was not a subpoena issued under Rule 45 of the Federal Rules of Civil Procedure. Not only does it not follow the form of subpoenas prescribed in Rule 45, compare e.g., FRCP 45(a)(3) ("The clerk shall

These arbitration summonses – which are defined by the Federal Arbitration Act as such, 9 U.S.C. § 7 – demanded the production of an overly broad category of information pertaining to Igor Alexeev.  Critically, a summons issued in an arbitration is not self-executing.[2]  Rather, the party issuing them must seek to enforce them in U.S. District Court.  Accordingly, counsel for Mr. Lenzner and IGI wrote a letter to the Arbitrator and counsel to the arbitration on November 5, 2007.[3]  This letter made clear that Mr. Lenzner and IGI would contest the basis for enforcing those summonses because they were overbroad and unnecessary, and that all potentially responsive materials would be covered by an established legal privilege.  This letter further made clear that Mr. Lenzner and IGI would assert their legal rights to have these issues decided by the United States District Court.

The plaintiff to the arbitration ("Movant") then sought to resolve this matter before the Arbitrator.  The Arbitrator properly noted that the Movant was required to seek enforcement of the arbitration summons from the United States District Court.  Moreover, conspicuously unmentioned by Diligence, the Arbitrator has already indicated that he would hold the arbitration open beyond the next few days and "until the [District] Court has ruled on your application for enforcement."[4]

---

issue a subpoena") *with* 9 U.S.C. § 7 ("Said summons shall issue in the name of the arbitrator"), but there also is no civil action pending between Diligence or Mr. Alexeev in federal district court.

[2] *See Odfjell ASA v. Celanese AG*, 328 F. Supp. 2d 505, 507 (S.D.N.Y. 2004) ("[I] t is the 'United States district court for the district in which such arbitrators, or a majority of them, are sitting' that may consider any petition to compel compliance with the subpoenae that the arbitrators have issued.") (quoting 9 U.S.C. § 7).

[3] Copy attached as Exhibit A.

[4] This document is attached as Exhibit 4 to Diligence's Motion to Enforce.

On November 6, 2007, plaintiff to the arbitration filed this enforcement proceeding. This Court scheduled a conference call that began at approximately 3:30 PM and ordered the non-parties to file a response, as well as a privilege log, by 10:00 PM.

As set forth below, the motion to enforce the arbitration summonses should be denied. First, Mr. Lenzner and IGI acted appropriately in providing notice of its intent to invoke federal law and contest these arbitration summonses. Second, there is no exigency to warrant this fast-track proceeding, as the Arbitrator already has ruled that the summonses would remain in force until this Court rules upon the motion to enforce. To the contrary, a delay of a few days may moot the Movant's request for information from non-parties. Third, the Movant should be required to obtain information from parties to the arbitration before burdening non-parties. Fourth, the summonses demand an overbroad category of information that is far broader than the claims asserted in the underlying arbitration. Fifth, any potentially responsive piece of information possessed by Mr. Lenzner, who is an attorney, or IGI is protected by the attorney-client privilege, the work product doctrine, or both. Indeed, any potentially responsive information was developed pursuant to an engagement by a law firm in anticipation of litigation.

## ARGUMENT

1.    It is clearly established that an arbitration summons to a non-party is not self-enforcing. Rather, the Federal Arbitration Act makes clear that the party seeking the arbitration summons must move to enforce it in United States District Court. *See Odjfell ASA v. Celanese AG*, 328 F. Supp. 2d 505, 507 (S.D.N.Y. 2004). In light of these applicable legal standards, the non-parties acted responsibly and appropriately in

notifying the Arbitrator and the parties to the arbitration that they would invoke their rights to have this matter resolved.[5]

2.    The time-table for this Arbitration always has been in the hands of the parties. Specifically, the Movant was free to seek information from non-parties prior to the date of the Arbitration – a date that the parties selected. The schedule of the arbitration, moreover, can itself be altered. And in fact, the Arbitrator already has stated that the arbitration summonses at issue will remain in force pending a resolution in the United States District Court. Under these facts, no exigency warrants this highly expedited and unusual process.[6] Moreover, having scheduled the arbitration for a specific date, and having failed to seek this information prior to that date, the Movant is in a poor position to complain about an illusory exigency of the Movant's own making.[7]

Significantly, the Movant's request soon may be unnecessary. It seeks (among other things) information of communications to the defendant, Mr. Alexeev. As this arbitration will proceed over the next few days, Movant will be able to obtain this information directly from the defendant. Accordingly, the need for such information from non-parties may be moot in a few days time. For this reason, it would be beneficial

---

[5] Indeed, the non-parties could have arrived at the arbitration hearing and declined to provide information by asserting the privileges that, as set forth below, clearly apply to the information requested. Instead, the non-parties provided advance notice to the Arbitrator and the parties, and the Arbitrator agreed that the Movant would need to seek enforcement in this Court.

[6] The non-parties respectfully sought two days to prepare a detailed response (rather than the 11 days provided by Local Rule 7). Pursuant to this Court's instruction, this response is filed by 10:00 PM.

[7] The Movant wrongly argues that any objection should have been received by November 2, 2007 – not by November 5, 2007. That is incorrect because, as set forth above, the arbitration summons is not a Rule 45 subpoena. Nothing in the Federal Arbitration Action triggers Rule 45's procedures for raising objections and claims of privilege. *See* 9 U.S.C. § 7. Appending a copy of Rule 45 to the arbitral summonses does not (and cannot) convert them into Rule 45 subpoenas. In any event, based on the time-table that the Movant selected, even an objection issued on the Friday before the scheduled arbitration would have resulted in the same "exigency" that the Movant claims exists here.

– and possibly dispositive – to consider the Movant's need for enforcement after the record in that arbitration has become more clear.

    3.   It is the non-parties understanding that the Movant has not attempted to obtain the information that it seeks from the defendant, Igor Alexeev. Arbitration is intended to reduce the costs of litigation; it certainly is not intended to raise litigation expenses and impose undue burdens on non-parties. Accordingly, the arbitration summonses to non-parties are particularly inappropriate, and should not be enforced, unless the Movant can show that it has made diligent efforts to obtain the information it seeks from the party to the arbitration. [8]

    At a minimum, the Movant cannot make this representation until after it has examined Alexeev during the arbitration that is scheduled to begin on November 7, 2007. As set forth above, that very act may moot the arbitration summonses to the non-parties.

    4.   This arbitration, as understood by the non-parties, involves a specific act of alleged misconduct by Igor Alexeev. But the information demanded by the arbitration summonses is far broader; for example, it demands information "that mention, or relate to, Igor Alexeev" in *any* way, including matters wholly aside from the purpose of this arbitration. That sweeping and overbroad request for information is improper and should not be enforced. This is especially true where, as here, the information is sought from a

---

[8] This is so even for matters that are being litigated in United States District Court. *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (plaintiff can be required "to seek discovery from its party opponent before burdening the nonparty . . . with this ancillary proceeding."); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Since plaintiffs have not shown they have attempted to obtain these documents from [defendant], the Court finds that, at this time, requiring nonparty ... to produce these documents is an undue burden on nonparty...."); *Bada Co. v. Montgomery Ward & Co.*, 32 F.R.D. 208, 209-10 (S.D. Cal. 1963) (non-party witnesses should not be burdened with the annoyance and expense of producing the documents sought unless plaintiff was unable to discover them from the defendant); *Insituform Techs., Inc. v. Cat Contracting, Inc.*, 914 F. Supp. 286, 286-87 (N.D. Ill. 1996) (denying discovery which was "unreasonably cumulative [and] duplicative" and which could be obtained from other source).

non-party to an arbitration, and the Movant has not shown an attempt to obtain such information elsewhere.

5.    Finally, every piece of potentially responsive information demanded in this arbitration from the non-parties is covered by the attorney client privilege, the work product doctrine, or both. Mr. Lenzner is an attorney. See Declaration of Terry F. Lenzner (attached as Exhibit B). In the fall of 2006, Mr. Lenzner was retained by a law firm to provide professional services in connection with anticipated litigation. Id. In the course of that professional engagement, Mr. Lenzner retained IGI to provide investigative services. Id. Every item of potentially responsive information post-dates – and is a product – of that law firm engagement.

Under these circumstances, it is clear that either (or both) the work product doctrine and the attorney-client bars disclosure of any potentially responsive information. The attorney-client privilege "rests at the center of our adversary system," *United States v. Philip Morris*, 314 F.3d 612, 617 (D.C. Cir. 2003), and requires little elaboration here. Moreover, the work product doctrine plainly applies to the information sought by the arbitration summonses. The Supreme Court has made clear that this doctrine should be interpreted broadly:

> Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients. In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions,

personal beliefs, and countless other tangible and intangible ways-aptly though roughly termed by the Circuit Court of Appeals in this case as the "work product" of the lawyer." Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served.

Hickman v. Taylor, 329 U.S. 495, 510-11 (1947).  Consistent with the teachings of the

Supreme Court, this Court has fully embraced an expansive view of the work product

doctrine.  Tax Analysts v. IRS, 117 F.3d 607 , 620 (D.C. Cir. 1997) ("[a]ny part of [a

document] prepared in anticipation of litigation, not just the portions concerning

opinions, legal theories, and the like, is protected by the work product doctrine").

It would be unnecessary and burdensome to require a law firm to provide a

privilege log of every communication it had with a client (or those within the law firm

working for that client).  Similarly, it should be clear that the professional relationships

between the non-parties and a law firm establish that the materials sought in this

arbitration are privileged.  As directed by the Court, however, we also attach a privilege

log.  See Privilege Log (attached as Exhibit C).

## CONCLUSION

For the foregoing reasons, the Movant's Motion to Enforce the arbitration summonses should be denied. Given the extraordinary haste in which the parties were directed to prepare and file this motion and attachments – and the importance of the issues raised – the non-parties respectfully request that the Court assign another schedule to supplement issues that may require additional briefing.

Respectfully submitted,

Mark C. Hansen, Esq. (DC Bar No. 425930)
Wan J. Kim, Esq. (DC Bar No. 454269)
KELLOGG HUBER HANSEN TODD
    EVANS & FIGEL, PLLC
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  202-326-7950
Facsimile:  202-326-7999

*Counsel for Terry L. Lenzner, Esq. and
Investigative Group International, Inc.*

Dated:  November 6, 2007, before 10:00 PM

CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2007, I caused a copy of the foregoing to be served by electronic mail upon:

Michael K. Ross
Aegis Law Group, LLP
901 F Street, NW, Suite 500
Washington, DC  20004
mross@aegislawgroup.com

Wan J. Kim

# EXHIBIT
# A

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

(202) 326-7900
FACSIMILE:
(202) 326-7999

November 5, 2007

*Via facsimile*

The Honorable Curtis E. von Kann
JAMS
555 13th Street, NW
Suite 400 West
Washington, D.C. 20005

        Re:    Diligence, Inc. v. Igor Alexeev, CPR File No. G-07-39

Dear Judge von Kann:

        This firm represents Terry F. Lenzner, Esq. and Investigative Group International, Inc. ("IGI") in connection with two subpoenas *duces tecum* issued in this artitration. These subpoenas direct Mr. Lenzner to appear before you and produce for inspection and copying certain documents on November 7, 2007. (*See* Attachment A).

        I write to make clear that these subpoenas seek *only* the production of privileged materials. Indeed, any potentially responsive documents and information would have been generated in the course of Mr. Lenzner's engagement by his client, a non-party to this arbitration, to provide legal advice in connection with anticipated and ongoing litigation. Any potentially responsive piece of information is squarely protected by the attorney-client privilege, the work-product doctrine, or both.

        In sum, Mr. Lenzner, who is an attorney, and IGI do not possess any responsive, non-privileged documents or information. Notably, the parties to this arbitration are not prejudiced by the existence of these privileges. The subpoenas call for information regarding communications with (or about) the defendant in this proceeding, Igor Alexeev. That boundless request for all documents that even mention or relate to Mr. Alexeev far exceeds the contours of this arbitration. In any event, the parties have ample opportunity to obtain such information directly from Mr. Alexeev, or to conduct appropriate discovery with other persons who have communicated with Mr. Alexeev in a non-privileged setting.

        As the Federal Arbitration Act requires the party seeking to compel a non-party's attendance to petition the district court, *see* 9 U.S.C. § 7, I write to respectfully advise you of our position. Accordingly, we do not believe that any appearance would be appropriate prior to a determination by the United States District Court for the District of Columbia.

The Honorable Curtis E. von Kann
November 5, 2007
Page 2

Please do not hesitate to contact me if I can be of further assistance.

Sincerely,

Wan J. Kim
Counsel for Terry F. Lenzner and Investigative
Group International, Inc.

Attachment

cc:    Michael K. Ross, Counsel for Diligence, Inc. (via facsimile without attachment)
       Kathleen A. Behan, Counsel for Igor Alexeev (via facsimile without attachment)

# ATTACHMENT A

## (SUBPOENAS)

**In Arbitration**

| | | |
|---|---|---|
| Diligence, Inc. | ) | |
| | ) | |
| Claimant, | ) | CPR File No. G-07-39 |
| | ) | |
| v. | ) | |
| | ) | **SUBPOENA DUCES TECUM** |
| Igor Alexeev, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

TO:    **TERRY L. LENZNER**
       Investigative Group International, Inc.
       915 15ᵗʰ Street, N.W., Suite 500
       Washington, D.C. 20005

      **YOU ARE COMMANDED** to appear before the undersigned duly-appointed arbitrator on November 7, 2007, at 10:00 a.m., at the JAMS office, 555 13ᵗʰ Street, NW, Washington, D.C., to give evidence in the above-captioned proceeding and to remain in attendance until you are discharged.

      **YOU ARE FURTHER COMMANDED** to bring with you for inspection and copying the following documents:

      1.     Each communication (including electronic mail) between Investigative Group International, Inc. (and any of its employees, agents, or affiliates) and Igor Alexeev since June 2, 2006;

      2.     All documents (including electronic mail) that mention, or relate to, Igor Alexeev.

      If you have any questions about your obligations under this subpoena, you may contact the representative of the party requesting this subpoena at the contact information below.

      DATED this 17ᵗʰ day of October, 2007.

                              *Curtis E. von Kann*
                                 Curtis E. Von Kann
                                   Arbitrator

<u>Representative of Party Requesting Subpoena</u>:

Paul C. Rauser (Bar No. 46172)
Michael K. Ross (Bar No. 458573)
AEGIS LAW GROUP LLP
901 F Street, N.W., Suite 500
Washington, D.C. 20004
Tel:  (202) 737-3500/Fax: (202) 737-3330

In Arbitration

|  |  |
|---|---|
| Diligence, Inc. | ) |
|  | ) |
| Claimant, | )   CPR File No. G-07-39 |
|  | ) |
| v. | ) |
|  | )   **SUBPOENA DUCES TECUM** |
| Igor Alexeev, | ) |
|  | ) |
| Respondent. | ) |
|  | ) |

**TO:**    **INVESTIGATIVE GROUP INTERNATIONAL, INC.**
        Attn: Custodian of Records
        915 15th Street, N.W., Suite 500
        Washington, D.C. 20005

        YOU ARE COMMANDED to appear before the undersigned duly-appointed arbitrator on November 7, 2007, at 10:00 a.m., at the JAMS office, 555 13th Street, NW, Washington, D.C., to produce for copying and inspection, and to give testimony authenticating, the following documents:

        1.    All documents (including electronic mail) reflecting any communication between Investigative Group International, Inc. (and any of its employees, agents, or affiliates ) and Igor Alexeev;

        2.    All documents (including electronic mail) referencing any communication between Investigative Group International, Inc. (and any of its employees, agents, or affiliates) and Igor Alexeev;

        3.    All documents (including electronic mail) that mention, or relate to, Igor Alexeev.

        If you have any questions about your obligations under this subpoena, you may contact the representative of the party requesting this subpoena at the contact information below.

        DATED this 17th day of October, 2007.

_Curtis E. von Kann_
Curtis E. Von Kann
Arbitrator

**Representative of Party Requesting Subpoena:**

Paul C. Rauser (Bar No. 46172)
Michael K. Ross (Bar No. 458573)
AEGIS LAW GROUP LLP
901 F Street, N.W., Suite 500
Washington, D.C. 20004
Tel: (202) 737-3500/Fax: (202) 737-3330

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE ARBITRATION PROCEEDING, | ) |
| CPR FILE NO. G-07-39, | ) |
| | ) |
| DILIGENCE, INC., | ) |
| | ) |
| Claimant, | ) Misc. No. 07-mc-00454 |
| | ) |
| v. | ) |
| | ) Judge Sullivan |
| IGOR ALEXEEV, | ) |
| | ) |
| Respondent. | ) |

## DECLARATION OF TERRY F. LENZNER IN SUPPORT OF RESPONSE IN OPPOSITION TO DILIGENCE, INC.'S EMERGENCY MOTION TO ENFORCE ARBITRATOR'S SUBPOENAS *DUCES TECUM*

I, Terry F. Lenzner, do hereby declare as follows:

1. I am over 18 years of age and I have personal knowledge of the matters contained herein.

2. I am licensed to practice law in the District of Columbia. I am the principal in the law firm, Terry F. Lenzner, Chartered, P.C. ("TFLPC"). I am also Chairman of the Board of Investigative Group International, Inc. ("IGI").

3. As relevant here, IGI provides (among other services) investigative services to assist lawyers in providing legal advice to their clients.

4. As relevant here, another law firm retained TFLPC in the Fall of 2006 to provide services related to ongoing litigation. TFLPC, in turn, retained IGI to assist in this matter. Any piece of potentially responsive information that has been requested in the summonses to IGI and Terry Lenzner would have been obtained or created directly in connection with this particular engagement for the express purpose of assisting the law firm in providing legal advice to its client in connection with ongoing litigation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on November 6, 2007.

Terry F. Lenzner

# EXHIBIT
# C

Privilege Log of Terry F. Lenzner, Esq. and Investigative Group International, Inc.
*Diligence, Inc. v. Igor Alexeev, CPR Arbitration No. G-07-39*

| Date | Author | Recipient(s) | Description | Grounds for Privilege |
|------|--------|--------------|-------------|----------------------|
| 12/7/2006 | Terry F. Lenzner, Esq. | Tim Broas, Esq. | 4 page Memorandum discussing potential individuals to interview in connection with ongoing litigation. | Attorney-client communication & work-product |
| 12/15/2006 | Terry F. Lenzner, Esq. | Tim Broas, Esq. | 13 page Memorandum conveying information learned in interviews conducted in connection with ongoing litigation. | Attorney-client communication & work-product |
| 1/5/2007 | Terry F. Lenzner, Esq. | Tim Broas, Esq. | 8 page Memorandum conveying information learned in interviews conducted in connection with ongoing litigation. | Attorney-client communication & work-product |
| 4/5/2007 | Terry F. Lenzner, Esq. | Tim Broas, Esq. | 3 page Memorandum discussing potential additional information to obtain in connection with ongoing litigation. | Attorney-client communication & work-product |
| 9/20/2006 | Bob Mason | Terry Lenzner | Email discussing investigative leads to pursue in connection with investigation related to ongoing litigation. | Work-product |
| 10/31/2006 | Bob Mason | Terry Lenzner (cc: Andrew Fox) | Email discussing investigative leads to pursue in connection with investigation related to ongoing litigation. | Work-product |
| 12/4/2006 | Bob Mason | Bob Mason | Email forwarding copy of 10/31/06 email from Bob Mason to himself. | Work-product |
| 12/11/2006 | Bob Mason | Terry Lenzner (cc: Andrew Fox) | Email discussing information learned in interview conducted in connection with ongoing litigation. | Work-product |
| 12/11/2006 | Bob Mason | Bob Mason | Email forwarding copy 12/4/06 email from Bob Mason to himself | Work-product |

Page 1 of 3

This Privilege Log was prepared in short time frame in connection with Court's order earlier today making best possible efforts; we will supplement as and if deemed necessary

Privilege Log of Terry F. Lenzner, Esq. and Investigative Group International, Inc.
*Diligence, Inc. v. Igor Alexeev, CPR Arbitration No. G-07-39*

| Date | Author | Recipient(s) | Description | Grounds for Privilege |
|------|--------|--------------|-------------|----------------------|
| 12/13/2006 | Ken Cummins | Andrew Fox | Email regarding investigative leads in connection with investigation related to ongoing litigation. | Work-product |
| 12/13/2006 | Andrew Fox | Ken Cummins | Response to 12/13/06 concerning investigative leads | Work-product |
| 1/23/2007 | Terry Lenzner | Ashley Byrne, Andrew Fox, Bob Mason | Email inquiring about status of investigation | Work-product |
| 1/23/2007 | Bob Mason | Terry Lenzner (cc: Andrew Fox) | Email responding to 1/23/07 Lenzner email about status of investigation. | Work-product |
| 1/26/2007 | Bob Mason | Terry Lenzner | Email discussing potential investigative steps. | Work-product |
| 2/17/2007 | Bob Mason | Tim Broas, Esq. (cc: Terry Lenzner) | Email discussing potential investigative steps. | Attorney-client communication & work-product. |
| 2/17/2007 | Timothy Broas | Bob Mason (cc: Terry Lenzner, Gordon Dobie, Carol Joffe, Thomas Benz, Anne Stukes) | Email responding to 2/17/07 email from Bob Mason regarding potential investigative steps. | Attorney-client communication and work-product. |
| 2/17/2007 | N/A | N/A | Records search performed in course of investigation conducted in connection with ongoing litigation. | Work-product |
| No Date | N/A | N/A | Records search performed in course of investigation conducted in connection with ongoing litigation. | Work-product |
| 2/21/2007 | Terry Lenzner | Bob Mason | Email inquiring about status of investigation. | Work-product |

Page 2 of 3
This Privilege Log was prepared in short time frame in connection with Court's order earlier today making best possible efforts; we will supplement as and if deemed necessary

Privilege Log of Terry F. Lenzner, Esq. and Investigative Group International, Inc.
*Diligence, Inc. v. Igor Alexeev, CPR Arbitration No. G-07-39*

| Date | Author | Recipient(s) | Description | Grounds for Privilege |
|------|--------|--------------|-------------|----------------------|
| 2/21/2007 | Bob Mason | Terry Lenzner (cc: Ashley Byrne) | Email responding to 2/21/07 Lenzner email about status of investigation. | Work-product |
| 2/21/2007 | Bob Mason | Ashley Byrne | Email asking Ashley Byrne to print a copy of previously sent 2/17/07 emails for Terry Lenzner. | Work-product |
| 2/21/2007 | Terry Lenzner | Bob Mason (cc: Ashley Byrne) | Email responding to Bob Mason's 2/21/07 email to Terry Lenzner | Work-product |
| 2/21/2007 | Bob Mason | Terry Lenzner (cc: Ashley Byrne) | Email discussing information learned in interview conducted in connection with ongoing litigation. | Work-product |
| 2/22/2007 | Terry Lenzner | Bob Mason (cc: Ashley Byrne) | Email responding to 2/21/07 email from Bob Mason discussing information learned in connection with ongoing litigation. | Work-product |
| 2/22/2007 | Terry Lenzner | Ashley Byrne (cc: Andrew Fox, Bob Mason, Tom Wendel) | Email discussing contact with client. | Attorney-client communication and work-product. |
| No Date | Terry Lenzner | Tim Broas | Draft, unsent email concerning status of investigation conducted in connection with ongoing litigation. | Work-product |
| 2/22/2007 | Bob Mason | Terry Lenzner, Ashley Byrne (cc: Andrew Fox, Tom Wendel) | Email responding to 2/22/07 email from Terry Lenzner regarding contact with client and discussing investigative leads. | Attorney-client communication and work-product. |
| 3/21/2007 | Bob Mason | Mary Howie, Michelle Strickland | Email regarding billing with attached invoice related to investigation conducted in connection with ongoing litigation. | Work-product |

Page 3 of 3

This Privilege Log was prepared in short time frame in connection with Court's order earlier today making best possible efforts; we will supplement as and if deemed necessary