IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Arbitration Proceeding, ) | |
| CPR File No. G-07-39, ) | |
| ) | |
| Diligence, Inc. ) | Misc. Civil Action No. 07-mc-454 |
| ) | |
| Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| Igor Alexeev, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**REPLY IN SUPPORT OF DILIGENCE, INC.'S EMERGENCY
MOTION FOR ENFORCEMENT OF ARBITRATION SUBPOENAS**

Now that Investigative Group International, Inc. ("IGI") and Terry F. Lenzner (collectively, the "Non-Movants") belatedly have complied with their duty to provide a privilege log, Diligence, Inc. ("Diligence") is able to request much more modest relief. The privilege log attached as Exhibit C to the Non-Movants' opposition brief (the "Privilege Log") lists twenty-eight (28) responsive documents subject to a claim of privilege—documents, which, as responsive documents, by definition reflect communications between IGI or Mr. Lenzner and the arbitration Respondent Igor Alexeev, or otherwise relate to him. Diligence is prepared to limit its request for relief to only two of those documents.

Specifically, the Privilege Log fails to show how the documents dated 12/15/2006 and 1/5/2007 (collectively, the "Witness Interview Documents") are protected by the attorney-client and work-product privileges. In order to avoid further burdens on this Court, Diligence respectfully requests an order requiring the Non-Movants to produce the Witness Interview

Documents to Arbitrator von Kann for *in camera* review to determine whether they are relevant and, if so, whether they are privileged and whether there is "substantial need" for "fact" work product contained in those documents. Pending such a determination by Arbitrator von Kann, Diligence is willing to forbear from seeking enforcement of the arbitrator's subpoenas requiring Mr. Lenzner and IGI's custodian of custodian of records to appear at 10:00 am today.

Diligence respectfully suggests that this substantially-narrowed scope of requested relief will minimize the burden on the third-party witnesses and, most importantly, this Court. At the same time, Diligence's proposed resolution will leave evaluation of this matter to Arbitrator von Kann, an experienced former D.C. Superior Court judge who is in the best position to evaluate the claims of privilege and, if necessary, any showing of "substantial need" Diligence may make.[1]

## ARGUMENT

### I. ARBITRATOR VON KANN PLAINLY WAS AUTHORIZED UNDER THE FEDERAL ARBITRATION ACT TO ISSUE THE SUBPOENAS AT ISSUE.

As a threshold matter, Diligence briefly addresses the Non-Movants' challenge to Arbitrator von Kann's authority to issue the subpoenas served on IGI and Mr. Lenzner in this matter. The argument is utterly without merit. Under the Federal Arbitration Act, an arbitrator has plenary power to issue subpoenas. See, e.g., Rush Prudential HMO, Inc. v. Moran, 536 U.S. 355, 382 (2002) ("Arbitrators . . . are often vested with many powers over the dispute and the parties, including the power to subpoena witnesses and administer oaths") (citing Section 7 of

---

[1] To the extent that Non-Movants also challenge the relevance of the Witness Interview Documents, that, too, is a determination which may – in fact, should – be left to Arbitrator von Kann. See e.g., Mala Geoscience AB v. Witten Technologies, Inc., 2007 WL 1576318, at *3 (D.D.C. May, 30, 2007) ("issues of credibility and relevance are for the arbitrator to decide"); Lessin v. Merrill Lynch, Inc., 2006 WL 1096623 (D.D.C. Mar. 31, 2006) ("issues of credibility and relevance are for the arbitrators to decide."); Berlacher v. PaineWebber Inc., 759 F.Supp. 21, 24 (D.D.C. 1991) ("arbitrators are charged with the responsibility for determining what evidence is relevant").

the Federal Arbitration Act); Stolt-Nielsen SA v. Celanese AG, 430 F.3d 567, 581 (2d Cir. 2005) ("Section 7 unambiguously authorizes arbitrators to summon non-party witnesses to give testimony and provide material evidence before an arbitration panel"); Hay Group, Inc. v. E.B.S. Acquisition Corp., 360 F.3d 404, 413 (3d Cir. 2004) ("Under section 7 of the Federal Arbitration Act, arbitrators have the power to compel a third-party witness to appear with documents before a single arbitrator") (Chertoff, Circuit Judge, concurring); Omni Tech Corp. v. MPC Solutions Sales, LLC, 432 F.3d 797, 799 (7th Cir. 2005) ("Arbitrators may compel witnesses to attend") (citing Section 7).

Arbitrators, do however, lack the power to *enforce* their duly-issued subpoenas through the contempt power if a non-party witness simply refuses to appear. That is precisely what Arbitrator von Kann recognized when he informed the parties on November 5, 2007 that "[a]s you know, arbitrators lack contempt powers. Accordingly, when persons refuse to obey a subpoena issued by an arbitrator under the Federal Arbitration Act, the issuing party must seek enforcement in the appropriate United States District Court." Diligence Mem at Ex. 3; see also 9 U.S.C. § 7 ("if any person or persons so summoned [by an arbitrator] to testify shall refuse or neglect to obey said summons, upon petition the United States district court . . . may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt . . .").

When IGI and Mr. Lenzner informed Judge von Kann and the parties less than 48 hours before the November 7 hearing that they would not comply with the subpoenas, Diligence's only option, as Arbitrator von Kann noted and as the Federal Arbitration Act provides, was to seek relief from this Court—not because arbitrators cannot lawfully issue subpoenas (they can), but because arbitrators lack this Court's contempt power to enforce them.

## II. THE NON-MOVANTS SHOULD BE ORDERED TO SUBMIT THE TWO WITNESS INTERVIEW DOCUMENTS TO ARBITRATOR VON KANN FOR IN CAMERA REVIEW AND A DETERMINATION OF PRIVILEGE ISSUES.

According to the Privilege Log, Mr. Lenzner (a prominent private investigator) authored both Witness Interview Documents, which are described as "Memorand[a] conveying information learned in interviews conducted in connection with ongoing litigation." See Opposition ("Opp."), Ex. C at 2. Although the Non-Movants assert attorney-client privilege and work-product privilege for the Witness Interview Documents, Movant Diligence respectfully submits that the log fails to demonstrate the applicability of either privilege. See United States v. Western Elec. Co., Inc., 132 F.R.D. 1, 3 (D.D.C. 1990) (requiring privilege log to identify "facts establishing each element of the privilege claim"). Diligence respectfully suggests that both Witness Interview Documents be submitted to Arbitrator von Kann for *in camera* review and a determination of relevancy and privilege.

*First,* as to the Non-Movants' assertion of the attorney-client communication privilege with respect to the Interview Documents, it is well-settled law in this Circuit that for this privilege to apply, the communication must have been made "for the purpose of obtaining or providing legal assistance for the client." See In re Lindsey, 148 F.3d 1100, 1123 (D.C. Cir. 1998) (quoting RESTATEMENT § 118); see also F. T. C. v. TRW, Inc., 628 F.2d 207, 212 (D.C. Cir. 1980) ("What is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer"). To be sure, the Non-Movants make much of Mr. Lenzner's status as a licensed attorney, and he asserts that he was hired by another law firm (Winston & Strawn, LLP) "to provide services related to ongoing litigation." Opp., Ex. B. Yet Mr. Lenzner's mere possession of a law license is not enough to invoke the privilege; strikingly absent from any of Non-Movants' motion papers is any assertion that Mr. Lenzner, a well-known private investigator, was hired to, or ever did provide, *legal advice* to Winston &

Strawn LLP. To the contrary, it appears quite clear from the Privilege Log that Winston & Strawn LLP engaged Mr. Lenzner's services (and those of his company, IGI) to provide investigative services.

*Second*, as to Non-Movants' assertion of the work-product immunity, to the extent the Interview Documents contain any verbatim quotes or statements from witnesses, such statements are not protected by the work-product immunity. See Schipp v. General Motors Corp., 457 F. Supp. 2d 917, 924 (E.D. Ark. 2006) ("[A]ny verbatim non-party witness statements are neither privileged nor work product and must be produced."); see also Dobbs v. Lamonts Apparel, Inc., 155 F.R.D. 650, 653 (D. Alaska 1994) (third-party verbatim answers to counsel's questionnaire to defendants' employees not protected work product, and therefore discoverable without showing substantial need or inability to otherwise obtain the material).

Furthermore, to the extent the Witness Interview Documents "recite in a paraphrased, abbreviated form, statements made by [a witness] relating to events," such information is so-called "fact" work-product, which is subject to far less protection than "opinion" work product.[2] In re John Doe Corp., 675 F. 2d 482, 492-93 (2d Cir. 1983); see also In re Martin Marietta Corp., 856 F.2d 619, 625 n. 1 (4th Cir. 1988) (distinguishing between "marginal notes written by an attorney to convey his own mental impressions" and "notes and memoranda summarizing interviews with employees"). Such verbatim, narrative interview memoranda are discoverable upon a showing of "substantial need" for the documents and that the documents cannot be otherwise obtained without "undue hardship"—a showing Diligence is prepared to make to Arbitrator von Kann, the person best suited to determine what constitutes "substantial need" in the context of the instant arbitration. See generally FED. R. CIV. P. 26(b)(3).

---

2   To the extent the Interview Documents contain any opinion work product, that should not prevent discovery as such portions can be redacted.

Of course, the Court need not burden itself with determining the applicability of these privileges because such privilege determinations fall squarely within the purview and power of Arbitrator von Kann. See, e.g., PaineWebber Group, Inc. v. Zinsmeyer Trusts Partnership, 187 F.3d 988, 990 (8th Cir. 1999) (noting that arbitrators in case had conducted an *in camera* review to determine whether certain documents were privileged); Am. Fed'n of Television and Radio Artists, AFL-CIO v. WJBK-TV, 164 F.3d 1004, 1010 (6th Cir. 1999) (ordering district court to compel production of documents directly to arbitrator for *in camera* inspection); Odfjell Asa v. Celanese AG, 348 F. Supp. 2d 283, 288 (S.D.N.Y. 2004) ("objections [to subpoenas] on the grounds of privilege and the like should first be heard and determined by the arbitrator").

## CONCLUSION

For the foregoing reasons, Diligence respectfully requests that the Court enter an order requiring IGI and Mr. Lenzner to produce by 12:00 p.m. today (November 7, 2007) the Witness Interview Documents to Arbitrator von Kann for an *in camera* review to determine whether (i) the Witness Interview Documents are protected under the attorney-client privilege or work product immunity, and if they are not, to release those documents to Movant Diligence; (ii) whether any Witness Interview Document protected by the work product immunity contains "fact" work product that should be released to Diligence because of "substantial need."

Respectfully submitted,

AEGIS LAW GROUP LLP

By:   /s/Paul C. Rauser
Paul C. Rauser (D.C. Bar No. 461722)
Michael K. Ross (D.C. Bar No. 458573)
901 F Street, N.W., Suite 500
Washington, D.C. 20004
*T: 202-737-3500/ F: 202-737-3330*
*Attorneys for Claimant Diligence, Inc.*