IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Arbitration Proceeding,<br>CPR File No. G-07-39<br><br>Diligence, Inc.,<br>        Claimant<br><br>v.<br><br>Igor Alexeev,<br>        Respondent | Misc. Civil Action No. 07-mc-00454 |

## NON-PARTIES' MOTION FOR LEAVE
## TO FILE SUR-REPLY TO DILIGENCE'S MOTION
## TO ENFORCE ARBITRATION SUMMONSES

Non-parties to the underlying arbitration, Terry F. Lenzner, Esq. and Investigative Group International, Inc., respectfully move this Court for an Order permitting them to file a Sur-Reply to Diligence's motion to enforce arbitration summonses. In this Sur-Reply, the non-parties propose an accommodation that would resolve this matter along the lines first sought by Movant this morning in its Reply. Also, the Court has scheduled an extremely expedited motions schedule, and has indicated that it may resolve this motion to enforce without a hearing. Moreover, Diligence's reply brief sets forth issues that the non-parties have not been afforded an opportunity to address. The complexity and seriousness of the issues raised in this proceeding further provide good cause for permitting the non-parties leave to file a Sur-Reply.

## CONCLUSION

For the foregoing reasons, the Non-Parties' Motion for Leave to File Sur-Reply should be granted.

A proposed Order is attached.

                                         Respectfully submitted,

                                         */s/ Wan J. Kim*
                                         Mark C. Hansen, Esq. (DC Bar No. 425930)
                                         Wan J. Kim, Esq. (DC Bar No. 454269)
                                         KELLOGG HUBER HANSEN TODD
                                             EVANS & FIGEL, PLLC
                                         1615 M Street, NW, Suite 400
                                         Washington, DC 20036
                                         Telephone: 202-326-7908
                                         Facsimile: 202-326-7999

                                         *Counsel for Terry L. Lenzner, Esq. and*
                                         *Investigative Group International, Inc.*

Dated: November 7, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Arbitration Proceeding,<br>CPR File No. G-07-39<br><br>　　　Diligence, Inc.,<br>　　　　　　Claimant<br><br>　　　v.<br><br>　　　Igor Alexeev,<br>　　　　　　Respondent | **Misc. Civil Action No. 07-mc-00454** |

## PROPOSED ORDER

Upon consideration of the Non-Parties' Motion to File Sur-Reply, and for good cause shown, it is hereby:

Ordered that the Motion is Granted.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　United States District Judge

Dated:_____

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2007, I caused a copy of the foregoing documents to be served by electronic mail upon:

Michael K. Ross
Aegis Law Group, LLP
901 F Street, NW, Suite 500
Washington, DC 20004
mross@aegislawgroup.com

_____
Wan J. Kim

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Arbitration Proceeding,<br>CPR File No. G-07-39<br><br>    Diligence, Inc.,<br>        Claimant<br><br>    v.<br><br>    Igor Alexeev,<br>        Respondent | **Misc. Civil Action No. 07-mc-00454** |

## SUR-REPLY OF NON-PARTIES TO DILIGENCE, INC'S MOTION TO ENFORCE ARBITRATION SUMMONSES

Non-parties to the underlying arbitration, Terry F. Lenzner, Esq. and Investigative Group International, Inc., respectfully file this Sur-Reply to Diligence's Motion to Enforce Arbitration Summonses. Counsel for the non-parties have engaged in good-faith discussions with counsel for the Movant, which have resulted in the accommodation set forth below, and now state as follows:

1.     The Movant – even at this late date – still does not explain what the arbitration is about. Under the circumstances, it is impossible to determine what category of information would be relevant and material to that arbitration. That the Movant has requested a wholly overbroad category of information that "mentions, or relates to, Igor Alexeev" – in whatever possible scenario – makes clear that this is a complete fishing expedition.

2.     This failure to provide basic information leaves the non-parties in a wholly unfair position. In seeking to exercise their rights under federal law to seek review of the arbitration summonses, the non-parties have been forced to argue completely in the dark.

Worse yet, the Movant's failure to provide *any* information that would show the relevance or need for *any* of the information sought provides no foundation for the Court to rule upon the Movant's motion to enforce.

3. As the non-parties have established that any potentially responsive information would have been created as a result of a privileged relationship, there is no need to encumber this Court any further as a result of the Movant's fishing expedition.

4. Not only has the Movant not explained what the arbitration is about, it also makes no showing of any particularized *need* for the information. At a minimum, there should be no ruling until the Movant sets forth in specificity: (1) the specific issues in the underlying arbitration; (2) the specific information that would be relevant to the arbitration; (3) the efforts Movant has undertaken to obtain this information from the defendant to the arbitration; and (4) the overwhelming need that warrants obtaining this information from a privileged and non-party source.

5. The Movant has requested *ex parte* and *in camera* review of two privileged documents by the Arbitrator. In order to spare resources of this Court, and without prejudice to all of the arguments that have been raised, the non-parties will agree to submit the portions of these two documents that mention or relate to Igor Alexeev to the Arbitrator for review on the issues of relevance and privilege.[1] By providing this accommodation under these circumstances, the non-parties expressly do not waive any legal privileges, rights or remedies afforded to them under law.

6. In light of this accommodation by the non-parties, the Court should require the Movant to inform the non-parties of the issues in the arbitration so that they

---

[1] While the Movant makes little mention of the need to first review these documents for relevance, that certainly is the necessary and appropriate course. *E.g., Conant v. McCaffrey*, 1998 WL 164946, at *2 (N.D. Cal. March 16, 1998) (unpublished) ("To succeed on its motion to compel, the [movant] must show that the information sought is relevant, and that it does not fall under the various privileges plaintiffs have asserted."). Indeed, no party or non-party should ever be required to produce irrelevant materials.

are in a position to argue relevance, as well as privilege, before the Arbitrator. There should be no further litigation or demands, moreover, regarding the remaining information originally demanded by the arbitration summonses, but abandoned by the Movant in its Reply after review of the non-parties' Response and privilege log.

## CONCLUSION

For the foregoing reasons, the Movant's Motion to Enforce the arbitration summonses should be granted to the extent indicated by the non-parties in this Sur-Reply.

A Proposed Order is attached.

Respectfully submitted,

_____
Mark C. Hansen, Esq. (DC Bar No. 425930)
Wan J. Kim, Esq. (DC Bar No. 454269)
KELLOGG HUBER HANSEN TODD
   EVANS & FIGEL, PLLC
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone: 202-326-7908
Facsimile: 202-326-7999

*Counsel for Terry L. Lenzner, Esq. and Investigative Group International, Inc.*

Dated: November 7, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Arbitration Proceeding,<br>CPR File No. G-07-39<br><br>    Diligence, Inc.,<br>        Claimant<br><br>    v.<br><br>    Igor Alexeev,<br>        Respondent | **Misc. Civil Action No. 07-mc-00454** |

## PROPOSED ORDER

Upon consideration of the Movant's Motion to Enforce, the Non-Parties' Opposition thereto, the Movant's Reply, and the Non-Parties' Sur-Reply, the narrowed relief sought by Movant, and the accommodation made by the Non-Parties, and for good cause shown, it is hereby ORDERED THAT:

(1) within two business hours of the time that this Order is issued, the Non-Parties agree to provide the portions of the two documents identified in the Movant's Reply to the Arbitrator in the above-captioned arbitration proceeding that mention or relate to Igor Alexeev for *in camera* and *ex parte* review on the issues of relevance and privileges;

(2) the Movant shall immediately inform the Non-Parties of the legal basis of the arbitration so that the Non-Parties can argue the issue of relevance before the Arbitrator;

(3) nothing herein shall be construed as a waiver or forfeiture of any legal rights or privileges, including but not limited to the attorney-client privilege or the work product doctrine, by the Non-Parties; and

(4) all other remaining issues and requests raised in Movant's Motion to Enforce are dismissed.

_____
United States District Judge

Dated:_____

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2007, I caused a copy of the foregoing documents to be served by electronic mail upon:

Michael K. Ross
Aegis Law Group, LLP
901 F Street, NW, Suite 500
Washington, DC 20004
mross@aegislawgroup.com

_____
Wan J. Kim